**UNITED STATES of America,**
**Plaintiff,**

v.

**SCREW MACHINE PRODUCTS COM-**
**PANY, a Michigan corporation,**
**Defendant.**

**Civ. A. No. 14987.**

United States District Court
E. D. Michigan, S. D.

Oct. 26, 1957.

Fred W. Kaess, U. S. Atty., Willis Ward, Asst. U. S. Atty., Horace J. Rodgers, Asst. U. S. Atty., Detroit, Mich., for plaintiff.

Heal, Deeley, LoCicero & Wilke, Detroit, Mich., for defendant.

LEVIN, District Judge.

This action is brought by the United States of America against the defendant, Screw Machine Products Company, a Michigan corporation, pursuant to Section 1345 of the Judicial Code (28 U.S. C. § 1345) and Section 403(c) of the Renegotiation Act, as amended (50 U.S.

C.A.Appendix, § 1191), to recover excessive profits realized by the defendant for the fiscal years ending August 31, 1944 and August 31, 1945, in the amount of $212,662.78, plus interest.[1]

It is undisputed that the defendant corporation filed its last annual report with the Michigan Corporation and Securities Commission on or about August 30, 1950, and that the complaint in this action was filed by the United States on December 1, 1955. The defendant does not contest the merits of the action but contends that the action should be dismissed since it was not instituted within the time prescribed by 15 Michigan Statutes Annotated, Sections 21.91 and 21.75, Comp.Laws 1948, §§ 450.91, 450.75.

15 M.S.A., Sections 21.91 and 21.75 provide as follows:

"Sec. 91. If any profit corporation which has heretofore been, is now or may hereafter be required to file its annual report with and pay a privilege fee to the secretary of state, shall for two [2] consecutive years neglect or refuse to file such report and/or to pay such fee, the charter of such corporation shall be absolutely void, without any judicial proceedings whatsoever, and such corporation shall be wound up in any manner provided by this act * * *"

"Sec. 75. All corporations whose charters shall have expired by limitation or dissolution or shall be annulled by forfeiture or in any other way or manner have become void shall nevertheless continue to be bodies corporate for the further term of three [3] years from such expiration, dissolution or forfeiture for the purpose of prosecuting and defending suits for or against them and of enabling them gradually to settle and close their affairs and to dispose of and convey their property and to divide their assets; but not for the purpose of continuing the business for which such corporations were organized: *Provided,* That with respect to any action, suit or proceeding begun or commenced by or against the corporation prior to such expiration, dissolution or forfeiture and with respect to any action, suit or proceeding begun or commenced by the corporation within three [3] years after the date of such expiration, dissolution or forfeiture such corporation shall only for the purpose of such actions, suits or proceedings so begun or commenced be continued a body corporate beyond said three [3] year period and until any judgments, orders or decrees therein shall be fully executed: * * *"

In addition, 15 M.S.A., Section 21.82 (Cum.Supp.1955) Comp. Laws Supp. 1956, § 450.82, provides:

"A report accompanied by a filing fee of $2.00 and the amount of the annual privilege fee as provided by law shall be filed with the Michigan Corporation and Securities Commission by all profit corporations, * * * The report shall be filed in duplicate on or before the 15th day of May, 1953 and of each year thereafter. * * *"

Prior to its amendment in 1953, M.S.A., Section 21.82 provided that the reports and fees were to be filed and paid "in the month of July or August for the year nineteen hundred thirty-two [1932] and of each year thereafter."

The basic question to be determined is whether the charter of the defendant became void after December 1, 1952. If the charter became void subsequent to December 1, 1952, the Government's action instituted on December 1, 1955,

---

1. The Government's complaint contains two counts. Count one covers excessive profits for the fiscal year ending August 31, 1944, in the amount of $69,169.37, plus interest from March 25, 1945; and count two covers excessive profits for the fiscal year ending August 31, 1945, in the amount of $143,493.41, plus interest from July 10, 1947.

is timely by virtue of M.S.A., Section 21.75.

The Government contends that the period of two consecutive years referred to in M.S.A., Section 21.91 does not begin to run until the corporation fails to file its annual report or pay its privilege fee for a given year. Since the defendant filed its report and paid its fee for 1950, the first failure to file or pay did not take place until August 31, 1951. Therefore, the Government argues, the period of two consecutive years did not expire until May 15, 1953.

Defendant, however, takes the position that the period began to run from August 31, 1950 and that the corporation's charter became void on August 31, 1952.

The Attorney General of the State of Michigan, in Opinion No. 1675 dated August 19, 1953, determined that: "A charter of a profit corporation which has failed to file its 1951 annual report becomes void on May 15, 1953." Based upon this opinion, the Michigan Corporation and Securities Commission certified that the defendant's charter became void on May 15, 1953.

No cases involving the specific issue here raised have been cited by counsel or uncovered by the court. However, in Bruun v. Cook, 1937, 280 Mich. 484, 273 N.W. 774, the Supreme Court of Michigan, in considering other issues raised by 15 M.S.A., Section 21.91, seems to indicate that if the question before me was presented before that court it would be decided in accordance with the interpretation given to this section by the Attorney General.

M.S.A., Section 21.91 provides for the forfeiture of a charter when a corporation "* * * for 2 consecutive years" neglects or refuses "to file such report and/or to pay such fee." The defendant's neglect or refusal first occurred when it did not file its annual report and pay the required privilege fee by August 31, 1951. The period of two consecutive years must be computed from that date. The Attorney General's opinion gives effect to the ordinary and literal meaning of M.S.A., Section 21.91.

I, therefore, find that the defendant's charter became void on May 15, 1953 and that the institution of suit by the United States of America on December 1, 1955, was timely.

A judgment is being entered for the plaintiff.